United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30280
c/w No. 06-30338
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN L. COOLEY,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:05-CR-20057
USDC No. 2:04-CR-20115-5
---------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kevin L. Cooley appeals the sentence imposed by the district court following his guilty-plea conviction for conspiracy to interfere with commerce by robbery, interference with commerce by robbery, and two counts of using, carrying, possessing, and brandishing a firearm during a crime of violence. The district court sentenced Cooley to 60 months for the conspiracy offense and 125 months for the robbery offense, to run concurrently; and seven years for one firearm offense and 25 years for the other

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm offense, to run consecutive to each other and to the other sentences.

The Government contends that we lack jurisdiction to review Cooley's appeal of the district court's denial of the Government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). To the extent that Cooley is appealing the denial of the Government's motion, we do not have jurisdiction to review the denial of the motion. See United States v. Hernandez 457 F.3d 416, 424 (5th Cir. 2006).

Cooley argues that his sentence was the result of both an upward and a downward departure. He argues that the sentence was unreasonable and that an upward departure was not warranted because the Guidelines fully accounted for the economic loss, the use of firearms, and the number of victims and because his criminal history category does not understate the seriousness of his criminal history. The sentence imposed by the district court was within the applicable guideline range and was not the result of an upward departure. See United States v. Smith, 440 F.3d 704, 706-07 (5th Cir. 2006) (recognizing three types of sentences: sentence within the guideline range, departure from guideline range as allowed by Guidelines, and non-guideline sentence). The district court gave detailed reasons for the sentence it imposed, including Cooley's significant criminal history; the nature and circumstances of the offenses which involved extreme violence, firearms, multiple victims, and

significant economic loss to the victims; and Cooley's involvement in other offenses not considered as part of the multiple offender adjudication. The district court properly calculated the applicable guideline sentencing range and considered the sentencing factors set forth in 18 U.S.C. § 3553(a). See United States v. Mares, 402 F.3d 511, 518-20 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Therefore, Cooley has not shown that the sentence imposed by the district court was unreasonable. See id. at 518-20.

AFFIRMED.